# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GAVALDON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STANCHART SECURITIES INTERNATIONAL, INC., et al., <br><br> Defendants. | CASE NO. 12cv3016-LAB (MDD) <br><br> **ORDER DENYING CROSS-MOTIONS FOR RECONSIDERATION;** <br><br> **ORDER DENYING IN PART AND GRANTING IN PART *EX PARTE* APPLICATION; AND** <br><br> **ORDER TO SHOW CAUSE RE: CONFIRMATION OF ARBITRATION "AWARD"** <br><br> [Docket numbers 15, 16, 17.] |

In an earlier related case, *Stanchart Securities Int'l,* et al. *v. Gavaldon*, et al., 12cv3016-LAB (MDD), Stanchart asked the Court to enjoin an ongoing arbitration. After the Court denied the request and dismissed that action, arbitration was completed. Plaintiffs then filed their complaint, asking for vacatur of a FINRA arbitration panel's decision. Defendants filed their response, which included a cross-complaint, styled as a cross-petition, seeking confirmation of the FINRA panel's decision. Plaintiffs then moved for summary judgment.

The Court denied summary judgment, and as part of its order, required Plaintiffs to explain whether all issues in the complaint had been adjudicated:

> Because this appears to dispose of the claims raised in the complaint, Plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed. . . . The Court is **not** inviting a motion for reconsideration. *See* Standing Order, ¶ 4(j). If Plaintiffs fail to show cause within the time permitted, the complaint will be dismissed without leave to amend.

Plaintiffs filed a document styled as a response to the Court's order, which was in fact an unauthorized motion for reconsideration. Defendants, without requesting or obtaining leave, filed a reply to the response. They apparently assumed Plaintiffs' request for reconsideration had been granted, and also requested reconsideration. Defendants then filed another motion (Docket no. 17), *ex parte*, arguing that the Court committed clear error and urging a ruling in their favor, and requesting attorney's fees. Because the first two motions were filed without leave and in violation of the Court's orders, *see* Standing Order, ¶ 4(j), the two motions for reconsideration are summarily **DENIED**. *See* Civil Local R. 83.1(a) (authorizing sanctions for violation of any order of the court). From the Plaintiffs' non-responsiveness to its order requiring them to show whether any other matters remained for litigation, the Court infers that all underlying claims have been addressed, and all that remains to do in this case is to adjudicate the counter claim and dismiss the case.

Because the parties apparently both misunderstand the order denying summary judgment, the Court considers it appropriate to explain that order, briefly, and why it found their arguments unpersuasive. The reasoning from the earlier order is incorporated by reference into this order.

The Financial Industry Regulatory Authority (FINRA) issued the arbitration award, which amounted to a determination that FINRA was not the right forum for arbitration and that Plaintiffs were not "customers" within the meaning of FINRA rules. While it is called an "Award," in this respect it does not actually award anything. Except for its determination that Plaintiffs were not customers within the meaning of FINRA rules, it is not a decision on the merits at all. Plaintiffs have apparently never sought either to litigate their claims in court or to arbitrate their claims in another forum that might be proper. Rather, they have asked the Court to advise them which forum would be proper before they try to arbitrate again. They have suggested that the American Arbitration Association is the proper forum, but want the

Court to confirm that for them before they try again. Even if the Court were to make such a determination, it would not bind the American Arbitration Association, which is not a party to this action. That organization could, as FINRA did, determine that it lacked authority to arbitrate the claims, and nothing this Court says in this case would require it to render a decision on the merits. Plaintiffs may also be asking the Court to clarify whether they or the two shell entities through which they did business are proper plaintiffs in some future arbitration. But that too is a question for the arbitrators. The decision Plaintiffs ask for would in effect be an advisory opinion, which federal courts lack the power to issue. *See Flast v. Cohen*, 392 U.S. 83, 96 n.14 (1968). In other words, this is not an issue that remains to be litigated.

Ordinarily in a case like this, the parties would talk with each other and attempt to agree upon a forum in which the claims could be litigated or arbitrated, to avoid wasting time and money. Given the contentious character of this litigation it is unclear whether this is likely. But if that does not happen, Plaintiffs must choose their forum and, if challenged, defend their choice. They might, for example, decide to seek arbitration before a panel of the American Arbitration Association. It would be up to the arbitrators, not this Court, whether the claims are decided on the merits or whether they are disposed of on procedural grounds. They might also seek to litigate their claims, in which case it would be up to Defendants to determine whether to seek an order compelling arbitration in a particular forum.

Importantly, the "Award" said nothing about the merits of Plaintiffs' claims; its only determination appears to be that FINRA arbitration was unavailable to the Plaintiffs. In spite of Defendants' emphasis on the need for finality, the "Award" does not appear to dispose of Plaintiffs' claims. Although confirmation of this "Award" would appear to benefit Defendants little, their counterclaim requested that it be confirmed. Plaintiffs have not answered the counterclaim, however, possibly because they did not recognize it as a counterclaim — it was styled a "Preliminary Response." It appears to be several pleadings joined into one, *see* Fed. R. Civ. P. 7(a), but in any case it is not a motion. Defendants have not done anything

/ / /

to affirmatively prosecute their counterclaim or cross-petition, other than filing their *ex parte* motion.

To the extent Defendants have argued that the Court is obligated, *sua sponte*, to adjudicate their pleading, they are in error. Like other litigants, parties seeking confirmation of arbitration awards are not permitted merely to file a pleading and wait. Rather, applications to confirm arbitration awards are made by motion. 9 U.S.C. § 6; *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 308–09 (3d Cir. 2006) (noting the FAA's procedural requirement that litigants proceed by motion, not pleading); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.") *See also Kruse v. Sand Bros. & Co., Ltd.*, 226 F. Supp. 2d 484, 487 (S.D.N.Y. 2002) (explaining that "[w]hen presented with a *motion* to confirm," the court must grant it unless the award is vacated, modified, or corrected) (emphasis added). Defendants could have filed a cross-motion to Plaintiffs' motion to vacate, or, following denial of the motion to vacate, a motion to confirm.

The *ex parte* motion (Docket no. 17) is a hybrid. It argues the Court should have entered an order confirming the arbitration "Award," and seeks reconsideration of various matters. While it doesn't actually amount to a motion for confirmation of the "Award," it is apparent that is what Defendants want. No later than **14 calendar days from the date this order is entered**, Plaintiffs may file a response showing why the "Award" should not be confirmed. Their response must not exceed five pages. The Court is **not** inviting any more requests for reconsideration, and Plaintiffs must not include any such requests in any response they file. If they do, their response may be stricken. If Plaintiffs fail to show why the "Award" should not be confirmed, or if they do not file a response, it will be confirmed.

/ / /
/ / /
/ / /
/ / /
/ / /

In all other respects, Defendants' *ex parte* motion (Docket no. 17) is **DENIED** and the Clerk is directed to terminate it.

**IT IS SO ORDERED**.

DATED: September 8, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge